# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:17-bk-29103 |
| KATHLEEN LEWANDOWSKI | Chapter 13 |
| | Honorable A. Benjamin Goldgar |
| Debtor(s) | |

## NOTICE OF OBJECTION TO CLAIM 5-1

To:  Exeter Finance LLC
c/o AIS PORTFOLIO SERVICES LP
4514 N Santa Fe Ave Dept APS
Oklahoma City, OK 73118

PLEASE TAKE NOTICE that on **March 17, 2020 at 9:30 a.m**., the undersigned will appear before the Honorable A. Benjamin Goldgar at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 642, Chicago, Illinois and will then and there present **OBJECTION TO CLAIM 5-1** at which time you may appear, if you so choose.

## CERTIFICATE OF SERVICE

I, Joseph S. Davidson, certify that I caused a copy of this notice and motion to be served, via electronic case filing to Marilyn O. Marshall, Chapter 13 Trustee and via United States Certified Mail® to Exeter Finance LLC, on February 14, 2020 before the hour of 5:00 p.m. from the office located at 2500 South Highland Avenue, Suite 200, Lombard, Illinois 60148.

*/s/ Joseph S. Davidson*

Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com

*Counsel for Kathleen Lewandowski*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re:

KATHLEEN LEWANDOWSKI

Debtor(s)

Case No. 1:17-bk-29103

Chapter 13

Honorable A. Benjamin Goldgar

## OBJECTION TO CLAIM 10-1

NOW COMES KATHLEEN LEWANDOWSKI (the "Debtor"), through undersigned counsel, pursuant to Fed. R. Bankr. P. 3007, objecting to the proof of claim filed by EXETER FINANCE LLC ("Exeter"), and in support thereof, state as follows:

1. On September 28, 2017, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

2. On December 19, 2017, an Order Confirming Plan was entered.

3. Debtor's confirmed plan provides, in pertinent part:

**Section E.** *Disbursements by the trustee*

3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rate and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor):

(a)  Creditor: Exeter Finance Corp.

Collateral: 2012 Ford Focus S Sedan 4D

Amount of secured claim: $6,092.00 APR 5.5% Fixed monthly payment: $116.36; Total estimated payments, including interest, on the claim: $6,981.60.

4. On January 29, 2018, **Exeter** filed a proof of claim (Claim 5-1) asserting a secured claim of $6,996.50. *See* Claim 5-1.

5. On February 21, 2018, Debtor's 2012 Ford Focus was involved in an accident and was determined to be a total loss.

6. On March 6, 2018, State Farm Mutual Automobile Insurance Company paid $5,652.91[1] to Exeter. *See* Exhibit A.

7. Exeter *did not* withdraw Claim 5-1.

8. Instead, Exeter *unjustly* received trustee payments on:

| DATE | CHECK NUMBER | DESCRIPTION | PAYMENT AMOUNT |
|---|---|---|---|
| 12/20/2019 | 7107543 | DISBURSEMENT TO CREDITOR/PRINCIPAL | $155.22 |
| 12/20/2019 | 7107543 | DISBURSEMENT TO CREDITOR/INTEREST | $19.66 |
| 11/15/2019 | 7107455 | DISBURSEMENT TO CREDITOR/PRINCIPAL | $158.03 |
| 11/15/2019 | 7107455 | DISBURSEMENT TO CREDITOR/INTEREST | $16.86 |
| 10/18/2019 | 7107358 | DISBURSEMENT TO CREDITOR/PRINCIPAL | $160.11 |
| 10/18/2019 | 7107358 | DISBURSEMENT TO CREDITOR/INTEREST | $17.54 |
| 09/20/2019 | 7107276 | DISBURSEMENT TO CREDITOR/PRINCIPAL | $94.39 |
| 09/20/2019 | 7107276 | DISBURSEMENT TO CREDITOR/INTEREST | $22.42 |
| 08/16/2019 | 7107193 | DISBURSEMENT TO CREDITOR/PRINCIPAL | $159.05 |
| 08/16/2019 | 7107193 | DISBURSEMENT TO CREDITOR/INTEREST | $18.61 |
| 07/19/2019 | 7107116 | DISBURSEMENT TO CREDITOR/PRINCIPAL | $130.95 |
| 07/19/2019 | 7107116 | DISBURSEMENT TO CREDITOR/INTEREST | $43.21 |
| 05/17/2019 | 7106955 | DISBURSEMENT TO CREDITOR/PRINCIPAL | $154.37 |
| 05/17/2019 | 7106955 | DISBURSEMENT TO CREDITOR/INTEREST | $19.81 |
| 04/19/2019 | 7106853 | DISBURSEMENT TO CREDITOR/PRINCIPAL | $62.75 |
| 04/19/2019 | 7106853 | DISBURSEMENT TO CREDITOR/INTEREST | $111.44 |
| 11/16/2018 | 7106429 | DISBURSEMENT TO CREDITOR/PRINCIPAL | $722.57 |
| 11/16/2018 | 7106429 | DISBURSEMENT TO CREDITOR/INTEREST | $75.49 |
| 08/17/2018 | 7106181 | DISBURSEMENT TO CREDITOR/PRINCIPAL | $84.95 |
| 08/17/2018 | 7106181 | DISBURSEMENT TO CREDITOR/INTEREST | $76.67 |
| 05/18/2018 | 7105938 | DISBURSEMENT TO CREDITOR/PRINCIPAL | $87.41 |
| 05/18/2018 | 7105938 | DISBURSEMENT TO CREDITOR/INTEREST | $77.87 |

*See* Exhibit B.

## LEGAL STANDARD

9. Section 502 of the Bankruptcy Code governs the allowance of claims or interests in a bankruptcy case. 11 U.S.C. § 502.

---

[1] This payment represented the total loss settlement for the lien on the 2012 Ford FOCUS owned by Kathleen Lewandowski.

10. Claims filed in a bankruptcy case are *prima facie* presumed valid under § 502(a) and are *prima facie* proof of their validity under Federal Rule of Bankruptcy Procedure 3001(f). *Conn. Gen. Life Ins. Co. v. Schaumburg Hotel Owner Ltd., P'ship* (*In re Schaumburg Hotel Owner Ltd. P'Ship*), 97 B.R. 943, 950 (Bankr. N.D. Ill. 1989).

11. Specifically, Bankruptcy Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); see also *In re Salem*, 465 F.3d 767, 779 (7th Cir. 2006).

12. Claim objectors carry the initial burden to produce some evidence to overcome the rebuttable presumption of validity. *In re Dugar*, 392 B.R. 745, 749 (Bankr. N.D. Ill. 2008); *In re O'Malley*, 252 B.R. 451, 455-56 (Bankr. N.D. Ill. 1999).

13. The evidence set forth by the objecting party must be of a probative force equal to that of the allegations asserted in the claim. *Surf Walk Condo Ass'n v. Wildman*, 84 B.R. 511, 515 (N.D. Ill. 1988).

14. "Once the objector has produced some basis for calling into question allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim in fact is allowable." *O'Malley*, 252 B.R. at 456.

15. However, the ultimate burden of persuasion always remains with the claimant to prove entitlement to the claim. *In re Watson*, 402 B.R. 294, 297 (Bankr. N.D. Ind. 2009); *In re Nejedlo*, 324 B.R. 697, 699 (Bankr. E.D. Wis. 2005); *In re Octagon Roofing*, 156 B.R. 214, 218 (Bankr. N.D. Ill. 1993).

**ARGUMENT**

16. As the objecting party, the Debtor carries the initial burden to overcome the rebuttable presumption that Exeter has a valid claim.

17. Exeter's claim is belied by the fact that State Farm® paid $5,652.91 to Exeter. This payment represented the total loss settlement for the lien on the 2012 Ford Focus owned by Debtor.

18. Exeter *did not* withdraw Claim 5-1.

19. Instead, Exeter *unjustly* received $2,469.38 in trustee payments.

WHEREFORE, Debtor respectfully requests the following:

A. an Order disallowing Claim 4-1;

B. an Order disgorging Exeter of $2,469.38 unjustly received; and

C. award such other relief as this Court deems just and proper.

DATED: February 14, 2020                                 Respectfully submitted,

**KATHLEEN LEWANDOWSKI**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 14, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system.

      I further certify that some of the participants in the case are not CM/ECF users.  I have mailed the foregoing document by United States Postal Service Certified Mail®, postage prepaid, to the following non-CM/ECF participants:

> Exeter Finance LLC
> c/o AIS PORTFOLIO SERVICES LP
> 4514 N Santa Fe Ave Dept APS
> Oklahoma City, OK 73118

*/s/ Joseph S. Davidson*